### THE INHABITANTS OF SOUTHBRIDGE *vs.* THE INHABITANTS OF WARREN.

A person does not gain a settlement under Rev. Sts. c. 45, § 1, cl. 5th, by paying taxes five years successively on real estate, of which he is in possession as tenant at will.

THIS was an action to recover of the defendants a certain sum expended for the support of one Arms, a pauper, whose derivative settlement was from Lathrop Arms, whose settlement was averred by the plaintiffs to be in the defendant town. At the trial in the court of common pleas, the plaintiffs having made out a *primâ facie* case, by showing that at a certain time said Lathrop acquired a settlement in the defendant town, the defendants offered to show, and introduced evidence, that said Lathrop subsequently removed to Brimfield, where he resided seven years, during six of which he hired and lived upon a farm belonging to one Bliss; that he hired the same by a parol contract at first for three years, and at the close of that term, and each succeeding year, he hired the same for the succeeding year by parol, no written lease having been made; that the same was set to him in the valuation of the estates in Brimfield each year at from $1,200 to $1,350; that the taxes thereon were set to him and he paid the same six years successively of the seven.

The defendants contended that he thereby acquired a settlement in Brimfield; but *Merrick*, J. ruled otherwise, and the

jury having returned a verdict for the plaintiffs, the defendants excepted.

*G. F. Hoar,* for the defendants.

*C. Allen & F. W. Botham,* for the plaintiffs.

Metcalf, J.* By *St.* 1793, *c.* 34, § 2, reënacted by Rev. Sts. *c.* 45, § 1, clause 5, " any person of the age of twenty-one years, being a citizen of this or any other of the United States, having an estate, the principal of which shall be set at two hundred dollars, or the income at twelve dollars, in the valuation of estates made by assessors, and being assessed for the same, to state, county or town taxes, for the space of five years successively, in the town where he dwells and has his home, shall thereby gain a settlement therein." The question now before us is, whether such person, having an estate at will only, set at such sum in the valuation, and being assessed therefor, as is above mentioned, thereby gains a settlement. In the case of *Inhabitants of Templeton* v. *Inhabitants of Sterling,* 15 Mass. 253, it was decided that a person, who was lessee for four years, and tenant at sufferance for one year next after the expiration of his lease, of real estate set in the valuation at more than $200, and for which he was assessed for the five successive years in the town of Sterling, did not gain a settlement in that town. The court said, " it is obvious that, in the fifth mode of acquiring a settlement, the owning of an estate is the principal thing ; and it is necessary that there be a title to bring the pauper within that mode of gaining a settlement ; and nothing less than an estate for years will answer the requisition of the law in this particular." This construction of the statute has been understood, acquiesced in and acted upon, for thirty-five years. And if the question were new, we should have no hesitation in giving the same construction to it, to wit, that a settlement cannot be gained by having, and being assessed for, an estate at sufferance or at will. Whether an estate for years would be sufficient, we need not now consider. In New Hampshire, under a statute which provides that a person " having real estate of the value

---

* Thomas, J. did not sit in this case.

of one hundred and fifty dollars, and who shall for four years pay all taxes duly assessed on his poll and estate aforesaid, shall gain a settlement," it has been decided that "having real estate," is the having at least of a freehold, either by legal title or by disseisin. *Charlestown* v. *Ackworth*, 1 N. Hamp. 62.

*Exceptions overruled.*